UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JARED LOZANO, Warden,<br><br>　　　　Respondent. | No. 2:19-cv-01554 MCE GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 302(c).

　　　　Petitioner brings claims that he was denied due process during a "parole suitability" hearing. Respondent moves to dismiss the petition on the following two grounds: 1) the court lacks habeas corpus jurisdiction pursuant to Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc); and 2) the petition fails to state a cognizable federal claim. ECF No. 20. Respondent attempts to expand Nettles past its breaking point, and the motion based on lack of jurisdiction should be denied. Because it is unclear exactly what type of state proceeding is at issue here for which petitioner asserts due process violations, and what *federal* process is due for the

1

proceeding, the undersigned finds it is appropriate to deny the motion to dismiss on this ground and recommend an answer be filed upon adoption of these Findings and Recommendations. With a fuller record and additional information, respondent may urge again, where appropriate, that the violations asserted involve state law only. Finally, petitioner's motion for discovery, ECF No. 22, remains premature, as the answer ordered herein must be accompanied by all relevant record documents. If petitioner believes at that time that relevant documents have not been provided, he may bring it to the court's attention.

*Factual Background*

The California Court of Appeal fairly sets forth the facts germane to this habeas petition in People v. Young, No. H030682, 2008 WL 1748341, at *1 (Cal. Ct. App. Apr. 17, 2008):

> Defendant Howard Allen Young was convicted after jury trial of 14 counts of second degree burglary (Pen.Code, §§ 459, 460, subd. (b)),[fn. 1 omitted] 14 counts of grand theft (§§ 484, 487, subd. (a)), and one count of selling stolen property (§ 496, subd. (a)). The jury found as to three counts of grand theft that the loss exceeded $50,000, and as to another count of grand theft that the loss exceeded $150,000 (§ 12022.6, subds.(a)(1) & (2)). In addition, the jury found that defendant had a prior serious felony conviction for kidnapping that qualified as a strike. (§ 1170.12.) After denying defendant's Romero [fn. 2 omitted] motion, the trial court sentenced defendant to state prison for a term of 30 years, eight months.

The present petition does not involve petitioner's conviction, but rather a denial of parole, or as termed by petitioner—"parole suitability." However, petitioner was apparently not sentenced indeterminately, and the First Amended Petition ("FAP") and motion to dismiss are less than clear about the type of parole hearing at which petitioner alleges a denial of due process; it is possible that the type of hearing makes a difference here. Petitioner alleges basic due process violations, i.e., not given the opportunity to be heard, as well as various violations of state regulatory procedures in his petition.

*Federal Habeas Corpus Jurisdiction*

Citing Nettles, respondent asserts here that if petitioner were to prevail on his claim, the relief to be awarded "would not necessarily lead to immediate or speedier release." Nettles, supra, 830 F.3d at 934-935. As a result, respondent argues this court has no habeas corpus jurisdiction.

////

2

Nettles cannot hold the weight assigned to it by respondent and it "necessarily" must be viewed in the context of longstanding habeas corpus principles.

Nettles involved a claim by a prisoner serving an indeterminate life sentence that an expungement of his disciplinary violation and concomitant loss of time credits implicated his release status because his chances of parole in the future would be greatly benefitted without having the disciplinary violation considered at his future parole hearing. The Ninth Circuit, *en banc*, found that the claim was too speculative to be heard in habeas corpus because disciplinary violations were but a factor in parole suitability determinations, and as such, would not sufficiently implicate a speedier setting of a parole date. Nettles, 830 F.3d at 935. And, because restoration of time credits could be entirely beside the point for an indeterminately sentenced, i.e., life imprisoned, petitioner, as opposed to a determinately sentenced prisoner where time credits actually reduce the adjudged incarceration sentence, there was no habeas rationale for reviewing a disciplinary conviction for the life prisoner. See Sevilla v. Miller, No. 15CV1280-DMS (JLB), 2016 WL 8606772, at *5 (S.D. Cal. Dec. 28, 2016) (citing In re Jenkins, 50 Cal. 4th 1167, 1179-1180 (2010)). The vast number of cases following Nettles have involved a claim similar to Nettles, or, have been simply a variant on the same theme. See, e.g., Myers v. Lozano, No. 2:19-CV-1141 DB P, 2019 WL 5390035 (E.D. Cal. Oct. 22, 2019); Gordon v. Premo, 757 Fed.Appx. 637 (9th Cir. 2019). But cf. Adams v. Frauenheim, No. 17-CV-01289-EMC, 2018 WL 3046939 (N.D. Cal. June 14, 2018) (habeas jurisdiction existed for a claim asserting that new resentencing laws should be applied to the petitioner's sentence.)

The situation here is unlike Nettles in that petitioner here does not seek relief to obtain in a present proceeding, not itself implicating release on parole, some type of advantage for a *future* proceeding. He contends that the alleged due process errors poisoned his *past* hearing *directly implicating release on parole.* In asking in the FAP "for relief to which he may be entitled," petitioner impliedly asserts that he should be found suitable for parole and a parole date set, (or at a minimum he should be given another opportunity at achieving that result in the state system) as a result of deficiencies in the parole suitability hearing itself. Petitioner's situation is precisely the same as any petitioner who challenges his criminal judgment, or some specific aspect of it, e.g.,

3

evidentiary hearing finding a confession voluntary. A favorable outcome in the theorized habeas action does not guarantee the petitioner an acquittal or termination of his incarcerated status; the vast majority of favorable outcomes permit simply another chance to have his guilt adjudicated, another evidentiary hearing, or sentence recalculated and so forth—presumably without the previously found federal, constitutional error.  The vast majority of habeas outcomes do not order immediate release but rather give the state a chance to retry the case or otherwise rehear the matter at issue, without the error.

> A federal court is vested " 'with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus.' " *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987) (quoting *In re Bonner,* 151 U.S. 242, 261, 14 S.Ct. 323, 327, 38 L.Ed. 149 (1894)). The court is "free ... to fashion the remedy as law and justice require ... [and is not required] to order ... [petitioner's] immediate release from physical custody." *Davis v. Reynolds*, 890 F.2d 1105, 1112 (10th Cir.1989) (footnote omitted); *see also* Fed.R.App.P. 23(c). *"Generally, a district court ruling in the petitioner's favor in a habeas case provides a reasonable time in order to afford the State an opportunity to re-try the defendant or otherwise correct the constitutional infirmity."* Bowen v. Maynard, 799 F.2d 593, 614 n. 12 (10th Cir.), *cert. denied*, 479 U.S. 962, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986).

Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th Cir. 1994) (emphasis added).[1]

 No one would argue with a straight face in the theorized criminal case that because there is only a *chance* for release from custody in the future criminal proceeding, the outcome is "speculative" in the sense that it does not "necessarily" require immediate or speedy release, and consequently the existing criminal judgment is not subject to habeas review. Such an argument would raise the absurd possibility that federal habeas corpus jurisdiction is never possible after Nettles.

Here, if petitioner were to obtain favorable relief, he would obtain the same type of order as the petitioner in the theorized example above, i.e., a new parole suitability hearing which would presumably afford the due process which was allegedly lacking at the first hearing.[2]

---

[1] The order would generally be worded to the effect: proceedings for a new trial (or hearing) shall commence within __ days or the petitioner shall be released from custody.

[2] Typically, such an order would require the reinstitution of a parole suitability hearing. Depending on the circumstances the order might add that: should no hearing take place within a specified time limit, petitioner shall have a parole date set or be released on parole.

4

The court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2254 to review the petition here.

### *Cognizable Federal Claim*

Respondent is, of course, correct that not all state procedures required for a state hearing become *federal, constitutional* due process requirements. However, respondent is incorrect that petitioner alleges no due process violations which could potentially merit federal habeas relief. Even Swarthout v. Cooke, 562 U.S. 216 (2011), recognized that a failure to allow a petitioner to be heard at all on the matter of parole suitability (as petitioner asserts here) would be a federal due process violation. Id. at 220. Moreover, different types of state proceedings may involve different or additional federal due process requirements. The problem here is that there is insufficient information in the petition and/or motion to dismiss on the type of proceeding under review here. The undersigned will therefore exercise his discretion in not definitively ruling on the existence of federal claims in the present motion to dismiss and will await an answer in which the facts regarding petitioner's hearing can be further developed. Respondent will be free to argue in the answer that all or part of petitioner's alleged due process violations at issue here do not implicate federal due process concerns, if such an argument can be legitimately made.

*Request for Appointment of Counsel*

Petitioner has also requested the appointment of counsel. ECF No. 22. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

*Conclusion*

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for discovery, ECF No. 22, is DENIED without prejudice; and

2. Petitioner's request for appointment of counsel (ECF No. 22) is DENIED without prejudice to a renewal of the motion at a later stage of the proceedings.

IT IS FURTHER HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 20, based on a lack of habeas corpus jurisdiction be DENIED;

2. Respondent's motion to dismiss, ECF No. 20, based on failure to raise a cognizable federal claim be DENIED without prejudice subject to renewal in Respondent's Answer; and

3. Respondent be required to file an answer to the instant petition within thirty days from the adoption of these Findings and Recommendations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE