UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | No. 2:19-cv-01554 MCE GGH |
| Petitioner, | |
| v. | ORDER |
| JARED LOZANO, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 302(c).

    Petitioner believes he was denied due process when parole officials held a parole hearing without permitting a physical appearance, permitting him to ask questions in person, and committed violations of various aspects of state law. Petitioner also believes that his equal protection rights were violated when some prisoners received more process rights than he did. These assertions are the basis of the present habeas corpus petition. ECF No. 1.

    In the traverse to respondent's answer, and in a way not completely clear to the undersigned, petitioner also challenges alleged irregularities in his long ago sentencing.

Petitioner asserts that he is entitled to be released because of these irregularities.  ECF No. 29 at 1-3.  The request is first asserted as a request for discovery, but also as a reason to be released from custody.

Petitioner may not raise a new claim in the traverse for an aspect of his criminal conviction process.  Not only is he thereby challenging separate decisions—the conviction/sentence and a parole suitability decision—if petitioner truly meant to raise this as a new claim, petitioner has (apparently) not exhausted with the California Supreme Court his sentencing claim.

Accordingly, IT IS HEREBY ORDERED that petitioner shall:

1. Inform the court in writing whether he is attempting to raise a new claim as set forth in the traverse;

2. If petitioner is seeking to raise a new claim as set forth in the traverse, petitioner shall clearly state the nature of this new claim;

3. If petitioner is seeking to raise a new claim as set forth in the traverse, petitioner shall show where such a claim was exhausted with the California Supreme Court, and why it would not be barred by the AEDPA statute of limitations;

4. If petitioner is **not** seeking to raise a new claim as set forth in the the traverse, petitioner shall clearly state why the alleged sentencing errors (perhaps only paperwork errors) make any difference to his present petition alleging due process/equal protection violations *occurring at his parole suitability hearing*; and

5. Petitioner shall file his response to this order no later than twenty days from the filing date of this order.

Dated: June 29, 2020

                                            /s/ Gregory G. Hollows
                                 UNITED STATES MAGISTRATE JUDGE